VOGELPOHL ET AL. *v.* LEVY.

(Decided March 4, 1929.)

*Messrs. Powell & Smiley,* for plaintiffs in error.
*Messrs. Burns & Friedman,* for defendant in error.

CUSHING, P. J.   The parties to this action in and prior to June, 1925, owned the capital stock of the Northside Amusement Company, and, at the time stated, entered into a contract of which the following is a copy:

"I, John J. Vogelpohl, President of The Northside Amusement Company, make the following proposition to Henry Levy, same being subject to the approval of the stockholders of the above company.

"We to transfer the corporation papers and outstanding stock including bank balance of $3,119.00 of The Northside Amusement Company to him for the sum of Fifty-Two Thousand, Five Hundred Dollars ($52,500.00) he to pay out of the present bank balance checks that are in transit not to exceed Four Hundred Fifty-Four Dollars fifty cents ($454.50)

also agrees to pay to stockholders dividends not to exceed 6% per annum, he to collect all outstanding rents for his own use, he also assumes payment of December taxes.

"We to assume all other liabilities.

"The Northside Amusement Co.,

"Per Jno. J. Vogelpohl.

"Henry Levy."

The record discloses that on January 8, 1924, council of the city of Cincinnati passed a resolution declaring it necessary to improve Hamilton avenue. February 6, 1924, the president of the Northside Amusement Company was served with notice of said resolution.

April 14, 1924, the city council passed on ordinance to proceed with the improvement of Hamilton avenue. July 28, 1924, the work of improving said avenue was commenced, and was completed on May 1, 1925.

Pursuant to the contract of June, 1925, the sale of the Northside Amusement Company was consummated by the transfer of the capital stock to Henry Levy on July 7, 1925.

July 30, 1925, the city council passed an ordinance assessing the property for the improvement.

Attached to the agreed statement of facts is the advertisement made by the city council, advertising the levy of the assessment, stating that it should be paid in ten annual installments, with interest on deferred payments.

The real estate abutting on the improvement was owned by the Northside Amusement Company.

The action in the municipal court was brought by Henry Levy, defendant in error here, to recover

from the plaintiffs in error $286.62, with interest from July, 1925, under said contract. This amount represented their proportionate share of the assessment; the total assessment for that year being $328.73.

At the trial in the municipal court, judgment was entered for the defendants dismissing plaintiff's bill of particulars. Error was prosecuted to the court of common pleas. That court reversed the judgment of the municipal court and entered judgment for Levy, plaintiff in error in the court of common pleas. This action is prosecuted to reverse the judgment of the court of common pleas.

The facts are conceded. The pertinent language of the contract is: "We to assume all other liabilities."

Passage of the resolution of necessity and the ordinance to proceed with the improvement, the actual improvement of the street, and the service of notice on the Northside Amusement Company, all took place prior to the entering into of the contract.

The language "we to assume all other liabilities" means that the plaintiffs in error would be bound to pay the assessment, if the corporation, at the time of the transfer of the stock, was obligated to pay the assessment. All legislation with reference to the assessment was completed, and the corporation was so notified, and the only question remaining was to determine the amount by the assessing ordinance. True, this was not passed until July 30, but the owner of the property was liable for the payment of the assessment when the resolution of necessity and the ordinance to proceed with the improvement were passed and the improvement was completed.

The corporation and its property became liable for the payment of the assessment, so that there was a liability of the corporation to pay this assessment at the time of entering into the contract and transferring the certificates of stock.

In this view of the case, the judgment of the court of common pleas reversing the judgment of the municipal court is affirmed.

*Judgment affirmed.*

Ross and HAMILTON, JJ., concur.